**UNITED STATES of America,
Appellee,**

v.

**Terrance Dale PETERSEN, Appellant.**

**No. 71–1378.**

United States Court of Appeals,
Eighth Circuit.

March 15, 1972.

Stuart W. Wells, III, St. Paul, Minn., for appellant.

Joseph M. Livermore, Asst. U. S. Atty., Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

LAY, Circuit Judge.

The defendant, Terrance Petersen, refused to report and submit to induction into the armed forces of the United States. He was convicted for violation of 50 U.S.C. App. § 462 and sentenced to the custody of the Attorney General for two years. On appeal we reverse the conviction.

Defendant asserts that there existed no basis in fact to support the Selective Service board's I–A classification. His claim is that he was a conscientious objector. The district court, sitting without a jury, found that the defendant was guilty of violating § 462 because the only basis on which the Selective Service local board could deny defendant's claim was on the ground of insincerity. The trial court stated this finding "is amply sustained by the sarcastic and flippant nature of defendant's application, by his lack of candor at his personal appearance and by his inability to articulate the reasons for his belief."

The trial court's opinion sets forth a letter the board received from the defendant dated April 20, 1968, objecting to his I–A classification. The letter reads in part:

"Obviously this is a mistake since, according to the supplement supplied with the classification card, I–A denotes that the registrant is available for military service. The recipient of this card, namely me, is not now and never will be available for such service.

"In order to comply with the 'rules and regulations' of Selective Service I would like to recommend the reclassification of myself to that of I–O, Conscientious Objector, available *only* for civilian work contributing to the maintenance of the national health, safety, or interest. I feel that this decision would be best for both parties concerned."

Although the local board did not make any specific finding the board secretary noted that at his personal appearance the registrant stated that he "has not belonged to any church"; that "he would not commit himself as to how often he attends church"; that he "was unable to give the board any reasons why he felt as he does and really was unable to convey his feelings. . . ." The trial court's opinion relates that *after* receiving the order to report for induction on December 9, 1968, defendant wrote to the board that he would not report; he thereafter returned his Selective Service card and records, stating he was resigning from the system. This letter and these actions which occurred after the induction notice was issued were not relevant to the board's classification.

Defendant's application for conscientious objector under SSS Form 150, filed on May 10, 1968, attached a letter apologizing for the "satirical portion" of his previous letter of April 20. The statement in his application that he is opposed to war in any form by reason of his religious training and belief sets forth a prima facie conscientious objection to military duty.[1]

---

1. He wrote in his application:
"To answer the second part; I say that the circumstances involved in a particular situation would govern the duties to either a Supreme Being or my fellow men. I do not think it my duty to take up arms and kill them.
"I received my beliefs and training through the Lutheran and Protestant religions and through careful evaluation of the premises brought forth in them. Also contributing to the beliefs are my relationships with members of other re-

ligious persuasions such as Catholic and Jehovah's Witnesses."
In explanation as to why he was not a member of any religious sect or organization Petersen wrote:
"I have attended Lutheran and Protestant churches until a short time ago. Hypocracy forced me to leave them. Too many, I found, left their religion in the pew. Out of the church they were just as bloodthirsty as the so-called sinners were supposed to be. They talked of killing and destruction as if they

Upon examination of the defendant's Selective Service file we fail to find any basis in fact to sustain a classification of I–A. Lack of sincerity serves to reject a conscientious objector claim only where there is some meaningful disclosure within the four corners of the applicant's Selective Service file. United States v. Abbott, 425 F.2d 910, 913 (8 Cir. 1970). Cf. Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971). "[A] mere *ipse dixit* disbelief is not sufficient support . . . without affirmative evidence to measure contradiction." *Id.*, 425 F.2d at 913, *n.* 4. Irregular attendance at church or inarticulateness as to theological beliefs are not appropriate criteria to reject a conscientious objector classification. United States v. Hesse, 417 F.2d 141 (8 Cir. 1969). An individual should not be denied a I–O status simply because members of a board feel his conduct is distasteful.[2] Contumacious acts of civil dissent or expletives against the Selective Service System should not otherwise foreclose an objective evaluation of a registrant's application for conscientious objector status. Cf. United States v. Cummins, 425 F.2d 646 (8 Cir. 1970); United States v. Pence, 410 F.2d 557 (8 Cir. 1969). Even if the applicant's conduct is lawless the local draft board possesses no power to impose a sanction through pretextual classifications. Gutknecht v. United States, 396 U.S. 295, 307, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970). Objectivity is sometimes difficult in the face of immature conduct, but a dispassionate review by the local board is nevertheless always required. The only test is whether the registrant's motivation is sincerely

based upon a conscientious belief against bearing arms. We find nothing in the record which legally detracts from the defendant's conscientious objector showing.

Judgment of conviction is reversed and the cause remanded to the district court with directions to enter a judgment of acquittal.

---

were common events to be taken with a grain of salt. As I explained before, I have little or no use for those who would use violence as a means of satisfaction. So I left. However, the doctrines and beliefs gathered throughout the years still remain firmly implanted within the mind and soul. This can never be changed."

**2.** As Mr. Justice Douglas observed in Gutknecht v. United States, 396 U.S.

295, 307, 90 S.Ct. 506, 512, 24 L.Ed.2d 532 (1970): "Nor do we read [the Act] as granting personal privileges that may be forfeited for transgressions that affront the local board."