Submit order in accordance herewith.

**UNITED STATES of America,
Plaintiff,**

v.

**Robert Gregory LeMETTRY, Defendant.
No. 4–71 Cr. 254.**

United States District Court,
D. Minnesota,
Fourth Division.
April 10, 1972.

**838**

Robert G. Renner, U. S. Atty. by Elizabeth A. Egan, Asst. U. S. Atty., for the government.

John Remington Graham, Minneapolis, Minn., for defendant.

## ORDER GRANTING ACQUITTAL NOTWITHSTANDING FINDING OF GUILTY AND VACATING JUDGMENT OF GUILTY

NEVILLE, District Judge.

The above case was before the court at Minneapolis, Minnesota on April 3, 1972 on the motion of defendant for an acquittal notwithstanding a prior finding and judgment of guilty based on a jury waived trial to the court.

Since this court's finding of guilty on December 29, 1971 two selective service cases have been decided by the Court of Appeals for the Eighth Circuit; United States v. Iverson, 455 F.2d 79 (1972); United States v. Petersen, 456 F.2d 1099 (1972). In addition, on the very day of the hearing on this motion, the court received a slip opinion of the United States Supreme Court in the case of Fein v. Selective Service System Local Bd. No. 7 of Yonkers, 405 U.S. 365, 92 S.Ct. 1062,

31 L.Ed.2d 298 (1972). Though they do not specifically so state, as this court reads them the *Iverson* and *Petersen* decisions require that where a local board does not state in writing its reasons for the denial of a conscientious objector claim, procedural due process has been denied where a *prima facie* case for such has been made. Put another way, these decisions have in broad effect applied retroactively the rationale and intent of the 1971 Amendment to the Military Selective Service Act approved September 28, 1971, 50 U.S.C. App. § 471a. Pursuant to this amendment, regulations adopted and published in the Federal Register March 10, 1971 provide in part: [32 C.F.R. § 1624.6]

"(a) After the registrant has appeared before the local board, it shall again classify the registrant and, as soon as practicable therefter, it shall mail notice thereof on Notice of Classification (SSS Form 110) to the registrant. In the event that the local board classifies the registrant in a class other than that which he requested, it shall record its reasons therefor in his file. The local board shall inform the registrant of such reasons in writing at the time it mails his Notice of Classification (SSS Form 110)."

See also 32 C.F.R. § 1626.4(i) as amended in 1972 requiring the appeal board to state reasons when denying a requested classification.

The *Iverson* case, *supra* specifically states that where a *prima facie* claim for an exemption is presented in a conscientious objector case it is necessary that some affirmative evidence indicating insincerity or bad faith be found in the file "from the four corners" to rebut the claim. A mere statement by the board that the registrant is not sincere "is merely a conclusion unsupported by evidence contained within the file." The *Petersen* case follows this holding even though the local board took notice of the fact that the registrant did not belong to any church, would not commit himself as to how often he attended church, and was

unable to give the board any reason "why he felt as he does and really was unable to convey his feelings." The court there held there was no "meaningful disclosure within the four corners of the applicant's Selective Service file" of lack of sincerity, pointing out that a conscientious objector claim should not be denied merely because registrant's conduct is distasteful to the members of the board or that the defendant is guilty of contumacious dissent or guilty of using expletives against the Selective Service System, or even that his conduct is lawless.

Reading these two cases in conjunction with the *Fein* case (a pre-induction case but containing lengthy dicta) it is clear to this court that the board is required to make at least "mini findings" of fact where a *prima facie* case for a conscientious objector claim has been presented and is denied.

In the case at bar the only real comment in the file appears on the back of plaintiff's classification questionnaire as follows "5/5/70 I-A—believes basis for views are based on Viet Nam war [vote] 3-0". This is clearly merely a conclusion and does not say what supports it or what registrant said or did to effect this conclusion. Though the registrant refers *inter alia* to his dislike of the Viet Nam war, his Form 150 contains far more than just that statement and relies on objection in effect to all wars and the taking of human life. The Board secretary's recordation of what registrant said at two personal interviews, though urged by the United States Attorney as sufficient, does not constitute anything more than a transcript of what registrant stated and does not constitute a finding sufficient to warrant a basis for denying a conscientious objector classification and thus not a basis for a I-A classification. Defendant stated in his interviews he had no active church affiliation and his father was a World War II pilot. The clerk apparently concluded "almost a pacificistic type" and "isn't sure whether its based on Viet Nam War alone". At a later personal interview the clerk noted "doesn't

believe in military way of forcing people into combat—opposed to the system entirely and doesn't care to be a part of it" and other summarization of comments. None of these can be said to evidence insincerity nor to disqualify defendant from his *prima facie* showing of conscientious objection. Therefore,

It is ordered That the court's order of December 29, 1971 finding defendant guilty and the judgment entered pursuant thereto be and the same hereby are vacated and the court finds the defendant

NOT GUILTY

of the offense charged in the indictment filed September 29, 1971 and hereby discharges him together with his bond.